UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CAROLYN OWENS,                        )
                                      )
            Plaintiff,                )
                                      )
       v.                             )       No. 4:11-CV-4-JCH
                                      )
SHELLY GOODING, et al.,               )
                                      )
            Defendants.               )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Carolyn Owens for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the filing fee. Thus, the Court will grant plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Furthermore, having carefully reviewed the file, the Court finds that the complaint should be dismissed for lack of jurisdiction. See 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The complaint and supplement**

Plaintiff seeks monetary relief in this action against defendants Shelly Gooding, Deborah Spraggins, Jim Merlo, Ruthanne Willeke, Amy Kubsh, Tiffany Lovelace Brown, Cora Taylor, and Midwest Counseling and Consulting. Plaintiff states that the basis for this Court's jurisdiction is "conspiracy against rights" under 18 U.S.C. § 241 and the violation of her constitutional rights under the First, Fourth, Sixth, Ninth, and Fourteenth Amendments. In addition, plaintiff invokes the Court's pendent jurisdiction over her state-law claims for "slander, libel, defamation, false allegations, falsehood/perjury." Plaintiff and all defendants are alleged to be residents of the State of Missouri.

Plaintiff's claims arise out of a foster care dispute involving her suitability to act as a foster parent to her cousin's

children. Plaintiff alleges that defendants questioned her character and ability as a foster parent and ultimately obtained a state court order to transfer the children out of her custody.

## Discussion

To the extent that plaintiff is attempting to bring this action pursuant to 42 U.S.C. § 1983, the complaint is legally frivolous and fails to state a claim upon which relief can be granted. Not only is it unclear whether any of the defendants are state actors, see Parratt v. Taylor, 451 U.S. 527, 535 (1981)(to state § 1983 claim, plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986), but plaintiff's allegations do not rise to the level of constitutional violations. The complaint fails to state a claim or cause of action for the violation of plaintiff's constitutional rights under the First, Fourth, Sixth, Ninth, and/or Fourteenth Amendments.

Moreover, the Court notes that pursuant to the "domestic relations exception," federal courts are divested of jurisdiction over any action in which the subject is divorce, the allowance of alimony, or child custody. See id. at 861. When a cause of action closely relates to, but does not precisely fit into the contours of an action for divorce, alimony, or child custody, federal courts generally will abstain from exercising jurisdiction. Id. Thus,

the "domestic relations exception" would divest this Court of jurisdiction over plaintiff's complaint, even if it did state a claim for relief. Plaintiff's claims are drafted to sound in tort, and they are either directly related to or are so interwoven with state foster care proceedings against her that subject matter jurisdiction does not lie with this Court. Plaintiff has given no indication that her claims cannot receive a full and fair determination in state court, and it would appear that the state courts, where the foster care and child custody proceedings allegedly were held, would be better equipped to handle the issues that have arisen in the course of plaintiff's attempt to act as a foster parent to her cousin's children.

Because plaintiff's federal claims will be dismissed as legally frivolous, all remaining pendent state claims should be dismissed, as well. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th day of January, 2011.

/s/ Jean C. Hamiton
UNITED STATES DISTRICT JUDGE

5